***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Harris with minor modifications.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. The plaintiff suffered an injury by accident to her right knee on July 3, 2000, and she received treatment from Occupational Medicine/Dr. Cromer on July 3, 2000. Defendants administered this claim as "medicals only," as there was no lost time nor had the medical expenses exceeded $2,000.00.
2. The plaintiff returned to work on July 4, 2000, and continued to work until March 2003. Following the July 2000 incident, the plaintiff lost no time from work due to knee complaints until 2003. All medical treatments for the knee received after July 2000 were filed under the plaintiff's health insurance.
3. The plaintiff applied for and was deemed eligible for short-term disability benefits as of March 29, 2003. She had a waiting period that ran from March 29, 2003, through April 11, 2003. From April 12, 2003, the plaintiff received short-term disability in the amount of $302.00 per week, which, after taxes, was $278.90. The plaintiff applied for but was denied long-term disability benefits. The plaintiff applied for and became qualified for Social Security Disability benefits as of March 2003 and continues to receive those benefits.
4. The plaintiff's average weekly wage is $442.31, which is arrived at by dividing $23,000.00 by 52.
 *********** EXHIBITS
1. The following documents were accepted into evidence by the Deputy Commissioner as stipulated exhibits:
 • Exhibit 1: Executed Pre-Trial Agreement
 • Exhibit 2: The plaintiff's medical records
 • Exhibit 3: The plaintiff's personnel file *Page 3 
2. Transcripts of depositions of the following were also received by the Deputy Commissioner post-hearing:
 • Dr. John S. O'Malley (April 18, 2005) (with The plaintiff's Exhibits 1 2)
 • Dr. O'Malley (June 19, 2006)
 • Dr. Frank Alan Snyder
 • Dr. John Cromer
 *********** EVIDENTIARY RULINGS
The objections raised by counsel at the depositions taken in this matter were ruled upon by the Deputy Commissioner in accordance with the law and the opinions in the Deputy Commissioner's Opinion and Award and are herein upheld by the Full Commission.
 *********** ISSUES
1. Whether the plaintiff's right knee problems subsequent to July 3, 2000, were/are causally related to her admittedly compensable July 3, 2000 slip and fall; and
2. Whether defendants are entitled to attorney's fees per N.C. Gen. Stat. § 97-88.1?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 4 
1. In July 2000, the plaintiff was working with defendant-employer as a utility worker. On July 3, 2000, while returning to her work area from a break, the plaintiff slipped and fell in a puddle of water, landing on her right knee.
2. The plaintiff saw Dr. Cromer on the day of her fall and was diagnosed with a right hip and knee contusion and sprain. Dr. Cromer prescribed Tylenol and returned the plaintiff to work with no restrictions. Dr. Cromer last saw the plaintiff on July 5, 2000.
3. After her treatment with Dr. Cromer, the plaintiff first told her family physician, Dr. Snyder, about right knee pain in February 2001.
4. Dr. Snyder referred the plaintiff to Dr. M. Kent Locklear, who noted on March 17, 2001, that the plaintiff gave a history of having suffered from right knee pain for three months. Dr. Locklear noted that an MRI showed degenerative changes in the plaintiff's right knee, and he diagnosed osteoarthritis and overuse syndrome.
5. Dr. Snyder then referred the plaintiff to Dr. O'Malley, who noted on April 6, 2001, that the plaintiff gave a history of having suffered from inflammation of the right knee for four or five weeks with no trauma. Dr. O'Malley diagnosed degenerative joint disease.
6. Over the next three and a half years, the plaintiff treated sporadically with Dr. O'Malley for her right knee complaints. She underwent two courses of Synvisc injections with Dr. O'Malley, one in 2001 and one in 2002.
7. On October 11, 2004, the plaintiff told Dr. O'Malley that she related her ongoing knee complaints to her July 3, 2000 fall. This was the plaintiff's first documented mention of the fall to any medical provider since July 5, 2000. Dr. O'Malley ordered an MRI, which showed a medical meniscus tear in the plaintiff's right knee. *Page 5 
8. Neither Dr. O'Malley nor Dr. Cromer testified that the plaintiff's ongoing right knee problems, including her degenerative joint disease and/or meniscal tear, were more likely than not caused, aggravated or accelerated by the plaintiff's July 3, 2000 fall. Dr. Snyder did not address causation.
9. To the extent that Dr. Cromer may have suggested that the July 3, 2000 fall was a "key factor" in the plaintiff's developing subsequent debilitating pain, Dr. O'Malley's opinion that the fall was not the onset of the plaintiff's condition is given greater weight because Dr. O'Malley is an orthopedist who treated the plaintiff over a three-and-a-half-year period, while Dr. Cromer saw the plaintiff only twice over a three-day period.
10. The Full Commission finds, based upon the evidence of record, that the plaintiff's right knee problems subsequent to July 3, 2000 were/are not causally related to the plaintiff's compensable July 3, 2000 slip and fall and are, thus, not compensable. The greater weight of the evidence establishes that the plaintiff's knee problems are the consequence of degenerative disc disease, which is not a compensable injury.
11. The Full Commission finds that the plaintiff has not prosecuted this claim without reasonable ground.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff's right knee problems subsequent to July 3, 2000 were/are not causally related to the plaintiff's compensable July 3, 2000 slip and fall and are, thus, not compensable. N.C. Gen. Stat. § 97-2(6). The greater weight of the evidence establishes that the *Page 6 
plaintiff's knee problems are the consequence of degenerative disc disease, which is not a compensable injury. Id.
2. The defendants are not entitled to attorney's fees under N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim for further compensation must be, and is hereby, DENIED.
2. Defendants' claim for attorney's fees is DENIED.
3. Defendants shall pay the costs, including the depositions fees for Dr. O'Malley, Dr. Snyder, and Dr. Cromer, if not paid by prior order.
This 12th day of April 2007.
S/______________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ DANNY LEE McDONALD COMMISSIONER
 S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 1